IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:21-CV-00314-M

| | |
|---|---|
| CANDACE ERFORD, ) | |
| COLLEEN SZWABA, and ) | |
| JONATHAN SEAMAN, ) | |
| on behalf of themselves and others similarly ) | |
| situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE COMPANY, d/b/c/a GEICO ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' Joint Motion to Approve Fair Labor Standards Act Settlement [DE 62]. The court finds the parties' Settlement Agreement and Opt-in Plaintiffs' Release of Claims [DE 63-1, 63-2] (collectively, "Agreement") to be a fair and reasonable settlement of a bona fide dispute. For the reasons that follow, the court grants the parties' joint motion, approves the settlement, and dismisses this action with prejudice.

I.    **Background**

On August 2, 2021, Plaintiffs Candace Erford, Colleen Szwaba, and Jonathan Seaman, on behalf of themselves and others similarly situated, initiated this wage and hour action against Defendant Government Employees Insurance Company ("GEICO"), alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"). DE 2. Plaintiffs allege that, during the relevant period of at least August 2018 through August 2021, they were employed by GEICO as Region 7 Auto Damage Adjusters. *Id.* at 3. They claim they were

denied wages arising from GEICO's implementation and use of a forty-five minute automatic daily meal break deduction; performed uncompensated employment duties for the benefit of GEICO that were off-the-clock and not recorded in GEICO's daily 7.75 hour compensable work allowance; and were not paid by GEICO at the time-and-a-half rate owed for all overtime worked over forty hours per week, as required by the FLSA time-and-one-half overtime compensation mandate. *Id.* at 6. Plaintiffs seek to recover unpaid wages, statutory liquidated damages, and attorney's fees and costs arising out of GEICO's alleged FLSA violations. *Id.* at 11-12.

The purported settlement of this action actually involves a total of 91 named and opt-in Plaintiffs in five related actions brought against GEICO in different districts. DE 62 at 1, 3. The parties in these cases are represented by the same attorneys. They assert that discovery is already complete in two cases, *Hart v. GEICO* and *Russo v. GEICO*. DE 63 at 3. In this case, discovery commenced on December 12, 2022, and is scheduled to be completed by July 31, 2023. *See* DE 54. The parties agree that more than enough investigation and discovery has been conducted to engage in well-informed settlement negotiations. DE 63.

In fact, negotiations began in the *Hart* case on August 22, 2022, with an unsuccessful mediation at the Middle District of Pennsylvania. *Id.* Later, a retired federal judge was retained to mediate all five cases on January 10, 2023, but, this mediation was also unsuccessful. *Id.* Following these settlement attempts, the parties were still interested in resolving the matter in lieu of incurring additional substantial costs. Thus, counsel for the parties negotiated the agreed upon settlement in an in-person meeting followed by a series of telephone calls and emails. *Id.* The parties report that, through arms-length bargaining, they reached a settlement resolving the Named Plaintiff's claims on an individual basis and wage claims for both named and opt-in Plaintiffs.

2

GEICO continues to deny liability in all five cases; however, as a part of a compromise settlement, GEICO has agreed to pay the total amount of $805,000.00, of which $442,500.00 is allocated to payment of back wages and damages to Plaintiffs. DE 63-1 at 2. GEICO will issue two checks to Plaintiffs, the first for alleged unpaid wages and the second for liquidated damages. *Id.* GEICO will issue another check in the amount of $362,500.00 to Plaintiffs' counsel in all cases, Zipin, Amster & Greenberg, LLC, for the payment of alleged attorney's fees and costs incurred in connection with the lawsuits. *Id.* For this particular case, GEICO has agreed to pay the total amount of $57,500.00, of which $37,500.00 is allocated to pay wages and damages to Plaintiffs directly; $3,175.00 is allocated to reimburse out-of-pocket litigation expenses; and $16,825.00 is allocated to pay attorney's fees. DE 63-2 at 6.

## II.     Approving the Argument

Employers who violate the minimum wage and overtime compensation requirements under the FLSA shall be held liable for the legal or equitable relief as may be appropriate to effectuate the affected employee(s). *See* 29 U.S.C. § 216(b). Employees who have been victims of FLSA violations can sue individually or in a collective action on behalf of themselves and all "similarly situated employees." *See id.* The Fourth Circuit imposes a "judicial prohibition against the unsupervised waiver or settlement of [FLSA] claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded on other grounds by regulation*, 73 Fed. Reg. 67987 (Nov. 17, 2008), *as recognized in Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312, 314 (4th Cir. 2011).

Although the Fourth Circuit has not addressed the factors for evaluating proposed FLSA settlement agreements, most courts in this circuit follow the standard articulated in *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See, e.g., Vazquez-Aguilar v. Gasca*, 513 F.

Supp. 3d 675, 680 (E.D.N.C. 2021) (citing the same). The factors for consideration in approval of a settlement are whether (1) a bona fide dispute exists concerning the defendant's liability under the FLSA, (2) the proposed settlement is fair and reasonable, and (3) the attorney's fees and costs awarded are reasonable. *See id.* (citing *Lynn's Food Stores*, 679 F.2d at 1353). The court must also ensure that the proposed settlement does not impermissibly frustrate implementation of the FLSA." *Robinson v. Harrison Transp. Servs., Inc.*, No. 5:15-CV-298-F, 2016 WL 3647616, at *1 (E.D.N.C. June 30, 2016).

### A. A Bona Fide Dispute Exists

"A bona fide dispute is one in which there is some doubt whether the plaintiff would succeed on the merits at trial." *Hall v. Higher One Machs., Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *6 (E.D.N.C. Sept. 26, 2016) (citing *Lynn's Food Stores*, 679 F.2d at 1354). The disagreement between parties may be in relation to the existence of a defendant's liability under the FLSA or the amount of such alleged liability. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703 n.12 (1945). Courts may look to the parties' motions, pleadings, and the representations in the settlement agreement for evidence of a bona fide dispute. *See Hall*, 2016 WL 5416582, at *6.

The Agreement in this case sets forth Plaintiffs' allegations of unpaid wages and overtime in violation of the FLSA and expresses Defendant's denials of liability. DE 63-1. The disputed issues concern the Plaintiffs' claim that they did not report all of their overtime work as Auto Damage Adjusters for GEICO, because doing so would ultimately damage their performance evaluations by adversely affecting their productivity ratings. DE 63 at 4. GEICO counters that the Plaintiffs were instructed to accurately report their time, no one instructed Plaintiffs to work off-the-clock, and Plaintiffs reported and were, in fact, paid for significant amounts of overtime work. *Id.* Further, GEICO asserts that the law does not require that it audit electronic records of

its employees' work to ensure that employees report all of their time worked. *Id.* Plaintiffs believe that discovery has revealed GEICO generally had knowledge or suffered or permitted Plaintiffs' performance of off-the-clock compensable work. *Id.* The court finds that a bona fide dispute exists in this case and thus, turns to whether the parties' proposed settlement of that dispute is fair and reasonable.

B. <u>The Parties Have Reached a Fair and Reasonable Agreement Resolving the Dispute</u>

There are several factors that courts within this district have considered when evaluating the fairness and reasonableness of a settlement, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*See Vazquez-Aguilar*, 513 F. Supp. 3d at 681. In weighing these factors, the court need not describe its application of each factor individually. Ultimately, these factors favor the Agreement's approval.

Litigants must conduct "sufficient discovery to fairly evaluate the liability and financial aspects of the case." *See Robinson*, 2016 WL 3647616, at *2 (citation and internal brackets omitted). As set forth above, discovery commenced in this case on December 12, 2022, and the parties assert that discovery has proceeded since then. Plaintiffs state that, in all five cases, they have taken extensive discovery concerning GEICO polices, practices, and records that is equally applicable to each case. DE 63 at 3. Further, both parties agree that more than enough investigation and discovery has occurred for them to engage in well-informed settlement negotiations. *Id.* If the cases had not settled, GEICO intended to move for decertification of the collective actions and both parties intended to move for summary judgment on the issue of liability;

thus, the cases could have proceeded to trial and, possibly, appeal at a substantial expense of time and resources. *See id.* at 4-5.

Plaintiffs' counsel appears to have sufficient knowledge of the applicable procedural and substantive law to evaluate the merit of this wage and hour case. Gregg C. Greenberg has performed substantial legal services as lead counsel for the Plaintiffs in these cases. *See* Decl. of Gregg C. Greenberg, DE 63-2. Mr. Greenberg's firm, Zipin, Amster & Greenberg, LLC, has litigated hundreds of FLSA cases and successfully obtained conditional certification of the collectives in these cases. *See id.* Mr. Greenberg has spent the entirety of his career representing both individuals and classes prosecuting state and federal claims for recovery of unpaid wages. *Id.* ¶ 9. He has been nominated for multiple awards in the practice of "Employment Litigation for Plaintiffs" in the state of Maryland and in the District of Columbia, and has served as the Vice President of the Maryland Employment Lawyers Association. *Id.* ¶¶ 6, 7. Moreover, there is no evidence that counsel for either party has engaged in fraud or collusion. *See Robinson*, 2016 WL 3647616, at *2 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary.").

Plaintiffs represent that the Agreement provides the Named Plaintiffs and the opt-in Plaintiffs with prorated payments based on their "length of service within the applicable FLSA and corresponding state limitations period." *See* DE 63 at 5. Additionally, Lead Plaintiffs Hart, Erford, Schwarzmann, Russo, and Zambito were awarded $5,000 for their efforts in initiating the case, participating in discovery, and representing the opt-in Plaintiffs. *Id.* The court finds, after weighing relevant factors, that the Agreement fairly and reasonably resolves the bona fide dispute.

Typically, class actions under Rule 23 of the Federal Rule of Civil Procedure require a fairness hearing after the court preliminarily approves a proposed settlement. *See Beasley v.*

*Custom Communs., Inc.*, No. 5:15-CV-00583-FL, 2017 U.S. Dist. LEXIS 219975, at *4 n.2 (E.D.N.C. Oct. 24, 2017) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158-59 (4th Cir. 1991)). But the statutory requirements pertaining to an FLSA collective action are "independent of, and unrelated to, the requirements for class action under Rule 23." *Haskett v. Uber Techs., Inc.*, 780 F. App'x 25, 27 (4th Cir. 2019) (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112 (9th Cir. 2018)). Although some courts in this district have required a fairness hearing to be held before approving a settlement agreement, this court finds no reason to hold a hearing to investigate the fairness of the Agreement, given the parties' representations and the record presented.

C. The Parties' Agreement Does Not Impermissibly Frustrate the FLSA

Courts must also consider whether an Agreement's provisions impermissibly frustrate the FLSA's implementation. *Robinson*, 2016 WL 3647616, at *1. Some courts deny agreements because they consist of overbroad provisions, purportedly waving any possible claim against defendants. *See id.* at *3–4. The provisions of the Agreement at hand are more limited and do not raise the same concerns. The parties' Agreement does not sweep in all possible claims that could ever be brought against GEICO. Instead, the Agreement pertains only to the claims for unpaid wages and overtime. *See* DE 63-1 at 4. Moreover, the Agreement's provisions do not protect GEICO from any future legal action brought against them for unlawful conduct.

Courts have found confidentiality clauses unreasonable where they seek to restrict public access to the terms of the settlement. *See Monzon v. Gali Serv. Indus., Inc.*, No. CIV.A. DKC 15-0286, 2015 WL 1650167, at *3 (D. Md. Apr. 13, 2015). Some courts have gone even further by rejecting provisions that prevent parties from disclosing the terms of publicly filed settlement agreements. *See, e.g.*, *Robinson*, 2016 WL 3647616, at *4. Here, the Agreement contains no

confidentiality clause(s), therefore, the court is not concerned that the Plaintiffs have been unreasonably suppressed from disclosing the Agreement's terms.

### III. Awarding Attorney's Fees and Costs

Prevailing plaintiffs are entitled to an award of reasonable attorney's fees and costs under the FLSA. *See Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010) (citing 29 U.S.C § 216(b)). The burden is on these plaintiffs to prove what would constitute a reasonable award. *Har-Tzion v. Waves Surf & Sport, Inc.*, No. 7:08-CV-137-D, 2011 WL 3421323, at *1 (E.D.N.C. Aug. 4, 2011). "Two primary methods for calculating attorney's fees [are accepted] in the Fourth Circuit: the percentage of the fund method and the lodestar method." *Kirkpatrick v. Cardinal Innovations Healthcare Sols.*, 352 F. Supp. 3d 499, 504 (M.D.N.C. 2018).

Here, the Agreement states that the *Erford* case has settled in the total amount of $57,500.00, of which $16,825.00 is allocated to pay attorney's fees. DE 63-2 at 6. The parties do not provide sufficient information for the court to compute a "reasonable" award using the lodestar method; thus, it appears the award requested is a percentage of the total settlement in this case, which the court calculates as approximately 30%. Given the parties statement that the Plaintiffs agreed to be represented in this case on a contingency basis at a rate of 40% of the gross settlement or recovery, the court finds nothing unreasonable about the requested award of attorney's fees. Furthermore, no party challenges Plaintiffs' request for reimbursement of $3,175.00 in out-of-pocket litigation expenses and, at this stage of the case, the court finds the request reasonable.

### IV. Conclusion

In sum, the settlement payment amount, combined with other terms and conditions of the Agreement, are the product of an adversarial litigation process, in which the parties were represented by experienced counsel with significant experience in both federal (FLSA) and state

wage and hour law. The terms and conditions of the Agreement were carefully negotiated and reflect a fair and reasonable resolution to a bona fide dispute about GEICO's liability under the FLSA. Additionally, the provisions of the Agreement do not impermissibly frustrate the implementation of the FLSA.

Therefore, the court GRANTS the parties' joint motion for approval of their FLSA settlement [DE 62], approves the Agreement [DE 63-1, 63-2], and dismisses Plaintiffs' FLSA claims with prejudice. As provided by the Agreement, Defendant shall pay $37,500.00 to the Plaintiffs for back wages and damages, $3,175.00 for reimbursement of out-of-pocket litigation expenses, and $16,825.00 for attorney's fees.

In addition, the parties ask that the court dismiss this case with prejudice. DE 62 at 2. Given that Plaintiffs' claims for violations of the NCWHA remain, the court construes the joint motion as a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), dismisses the remaining NCWHA claims with prejudice, and DIRECTS the Clerk of the Court to close this case.

SO ORDERED this 11th day of July, 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE